VICTOR SHERMAN, ESQ.  (SBN 38483)
LAW OFFICES OF VICTOR SHERMAN, APLC
11400 West Olympic Boulevard, Suite 1500
Los Angeles, California 90064
Telephone (424) 371-5930
Facsimile (310) 392-9029
Email: victor@victorsherman.law

Attorney for Defendant
ARTHIT TANJAPATKUL

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-CR-00132-FWS |
| Plaintiff, | |
| v. | **SUPPLEMENTAL MEMO IN SUPPORT OF STIPULATION TO CONTINUE TRIAL** |
| ARTHIT TANJAPATKUL, | |
| Defendant. | |

## I.    INTRODUCTION

The instant Indictment in this case was filed on November 6, 2024.  Trial is presently scheduled for March 10, 2026.  Count one of the indictment charges the defendant with possessing machine guns, as defined in Title 18 U.S.C. §921 (a)(24) and Title 26 U.S.C. §5845 (b), which defendant new to be machine guns.  Count two charges the defendant with possessing on or about October 13, 2023 a hard drive which contained at least one image of child pornography, as defined in Title 18 U.S.C. §2256(8)(A).  Count three charges the defendant with on or about July 18, 2024, knowingly possessing a hard drive which contained at least one image of child pornography, as defined in Title 18 U.S.C. §2256(8)(A).  Count four charges the defendant with possessing, on or about July 18, 2024 a set of discs inside a storage unit which contained at least one image of child pornography as defined in Title 18

U.S.C. §2256(8)(A).  Count two presumably refers to the hard drive found at defendant's residence, while counts three and four were apparently hard drives found at a storage unit linked to the defendant.

## II.   SEARCH WARRANT APPLICATION

On October 13, 2023 federal agents executed the warrant and seized the subject digital devices.  Thereafter, on November 16, 2023, two laptops, one cellular telephone, and three SIM Cards were checked into the Orange County regional computer laboratory for digital imaging.  Those devices were imaged by computer forensic examiners and returned to the agent on January 23, 2024.  Included within the devices reviewed by the agent was one Buffalo External Hard Drive.  The original digital search warrant expired on February 10, 2024.

In the Application For a Search Warrant dated October 6, 2023 (Case No.: 2:23-mj-05174), the government stated that the basis for the search under Fed.R.Crim.P. 41(c) was to seek evidence of crime, pursuant to 18 U.S.C. §2314 (Transportation of Stolen Goods), 18 U.S.C. §641 (Sale of Government Property), and 18 U.S.C. § 371 (Conspiracy to Defraud the FDA).  Pursuant to paragraph II, paragraph 4c (Search Procedure for Digital Devices), the government agreed that the search team would not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.  (Bate stamp 00009411).

Paragraph 4F of the Warrant stated that the search team was not permitted to access data falling outside the scope of the items to be seized absent further court order. (Bate stamp 00009412)

As mentioned above, the original Digital Search Warrant provided for a review of seized items only until February 10, 2024, absent a further extension.

Thereafter, on February 12, 2024, the government filed an Ex Parte Application for an extension of time within to retain and search the digital devices. The application included the Declaration of Katheryne Seiden, the prosecutor who

obtained the Warrant dated October 6, 2023.  In her Declaration, Ms. Seiden stated that her Declaration was made in support of a Request For an Order Permitting the government to retain and search for an additional 120 days.  In her Declaration, she stated that the deadline for completing the review of the digital devices from the October 6, 2023 warrant had expired.  She also stated that the review must be conducted by agents who have received specialized training to ensure that the review was done thoroughly and in a forensically sound fashion.  She also stated that the subject digital devices contained approximately 1520 gigabytes of information and that 100 gigabytes alone could hold an entire library floor of academic journals.

Despite the fact that the time for reviewing the digital devices had expired, the government went ahead and searched the devices seized on October 13, 2023, which included the Buffalo Hard Drive[1].

### III.    APPLICATION FOR SEARCH WARRANT, DATED JULY 17, 2024

The government applied for a second search warrant, dated July 17, 2024 to search the Buffalo Hard Drive seized on October 13, 2023, from the defendant's residence.  According to the Application, the government alleged that an officer observed child pornography in plain view while searching the device pursuant to the October 6, 2023 Warrant.  At page 6 of the Search Warrant Application, the government conceded that the earlier warrant (referring to the warrant of October 6, 2023) may not have authorized the seizure of child pornography.  (Bate stamp 00009661).  The government also conceded, at page 5 of the Warrant, that the search and seizure of the defendant's cell phone may not have authorized the seizure of

---

[1] In none of the warrants or discovery has the government provided information about what special training was required, if any of the agents underwent any special training or exactly which agents did the search and which agents did the review.

messages on defendant's cell phone about alleged unlawful possession of a machine gun.

In footnote 8, at page 27 of the Warrant Application, the government again conceded that the time to search items seized from the October 6 warrant had expired.

At page 31 of the Warrant Application, the government maintained that on April 25, 2024, while reviewing the Buffalo Hard Drive FBI Special Agent Jennifer Hirsch observed a video thumbnail which allegedly depicted child pornographic material. At page 28 of the Warrant, the government stated that Special Agen Hirsch did not open the video files and was uncertain of the exact content. Nevertheless, on or about June 7, 2024, the Honorable Karen Stevenson, United States Magistrate Judge, authorized agents to continue to search the digital devices for an additional 120 days from the 120 days authorized by Magistrate Donahue on February 12, 2024, even though that was two days after the deadline of February 10, 2024.

## IV.    DEFENDANT NEEDS ADDITIONAL TIME TO EXPLORE THE POSSIBILITY OF FILING MOTIONS TO SUPPRESS

Counsel believes that the alleged child pornography images, referred to in Count two were the direct result of the illegal search of the Buffalo Hard Drive. Furthermore, the government violated the express language of the October 6 search warrant which only authorized the search for violations of Transportation of Stolen Goods and Conspiracy to Defraud the FDA. The warrant did not authorize any search for child pornography.   This illegality also taints the search of the defendant's storage unit as being the fruits of the initial illegal search.

It was not until December 11, 2025 that defense counsel became aware of the illegal extension and the unlawful search. As a result of this discovery, on December 22, 2025, Sara Azari wrote the prosecutor and indicated that the defense was looking into a motion to suppress regarding the unlawful search. In an email exchange between defense counsel and the prosecutor, from the period December 18 through December 22, 2025, Ms. Azari asked for copies of search warrants, seized digital

devices, documents, and information regarding certain agents involved in the search. A copy of said email is attached hereto marked Exhibit A, and incorporated herein by reference.

In essence, the defense believes that further inquiry must be made regarding the legality of the seizure of the alleged child pornography referenced in the indictment.  It will also be necessary for an evidentiary hearing as to the government's claim that the officers involved in the review of the devices observed child pornography in plain view.  The defense is unaware of how the agents allegedly observed child pornography in plain view, particularly in light of the limitations on the Warrant that only authorized a search for violations of 18 U.S.C. §§2314, 641 and 371.  The defendant will be seeking additional information in order to properly prepare the appropriate motions.

## V.    DEFENDANT HIRED TWO EXPERT WITNESSES, BOTH OF WHOM NEED ADDITIONAL TIME TO COMPLETE THEIR INVESTIGATION

### A. Scott Lawson

As noted in the Stipulation to Continue the Trial, the government has produced discovery to the defense, which includes over 48,000 pages of images, warrants, law enforcement reports and subpoena returns.  In order to properly review such a voluminous amount of discovery, the defense hired Digital Forensic Expert Scott Lawson.  Mr. Lawson's Curriculum Vitae attached hereto, marked Exhibit B and incorporated herein by reference.  Mr. Lawson has been involved in the review of almost 600TB of digital data seized from defendant's home and storage unit.  The seized material was found on multiple cell phones, laptops, computers, CDs, DVDs, external and internal hard drives, USB flash drives and SIM cards.  Due to the volume of digital evidence, consisting of 54 hard drives, 13 USB flash drives, 3 SD/SIM cards, 3 cellular telephones, 2 laptop computers and an excess of 10,000 CDs/DVDs, Mr. Lawson limited the data range from 2002 to 2009.  This limitation

was imposed by Mr. Lawson in consideration of the substantial time investment necessary to image, process, and conduct a thorough analysis of the digital evidence.

Mr. Lawson reviewed files at the U.S. Attorney's Office and at the Orange County Regional Computer Forensics Lab.  As previously explained, the review was limited to the period from 2002-2009 because of the immense volume of the material. At the present time, defense counsel has not decided whether or not it is necessary that Mr. Lawson review material from 2009 to the date of the indictment, not only because of the expense involved but whether or not it is necessary under the facts of the case.  However, this decision will be made as soon as possible once Mr. Lawson provides counsel with a final report.

In addition to possibly requiring Mr. Lawson to review additional files, counsel is attaching hereto, marked Exhibit C and incorporated herein by reference trial conflicts of Mr. Lawson for the period beginning March 2, 2026 through May 11, 2026.

## B. Bryan Luettke

In addition to employing Mr. Lawson, the defense has hired Bryan Luettke, an expert witness in the areas of firearms and ammunition identification.  A copy of his Curriculum Vitae is attached hereto, marked Exhibit D, and incorporated herein by reference.

Again, due to financial capability, it was not possible to hire Mr. Luettke until recently.  Mr. Luettke needs at least 60 days to complete his report.

## VI.    CONCLUSION

Based upon all of the above, defense counsel believes, and the government agrees, that additional time is necessary to review the voluminous discovery in this case, to obtain finalized, written reports from the two defense experts and to go through all of the search warrants to determine whether or not there were any illegal

///

searches in the case.  Counsel believes that they have been diligent in going through the evidence in this case and that the additional time is absolutely necessary in order to properly defend their client.

Dated: January 12, 2026                    Respectfully submitted,


                                           */s/ Victor Sherman*
                                           VICTOR SHERMAN
                                           Attorney for Defendant
                                           ARTHIT TANJAPATKUL