TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
THI HOANG HO (Cal. Bar No. 293978)
Asset Forfeiture & Recovery Section
KALI M. YALLOURAKIS (Cal. Bar No. Pending)
Major Crimes Section
Assistant United States Attorneys
    1100/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-0596/2426
    Facsimile:    (213) 894-0141
    E-mail:    Thi.Ho@usdoj.gov
        Kali.Yallourakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ARTHIT TANJAPATKUL,<br><br>       Defendant. | No. 8:24-CR-00132-FWS<br><br>GOVERNMENT'S OBJECTION TO DEFENDANT'S UNDER-SEAL WITNESS LIST(DKT. 120) |

    Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Thi Hoang Ho and Kali M. Yallourakis, hereby files its Objection to defendant Arthit Tanjapatkul's ("defendant") Witness List (Dkt. 120).

Dated: May 8, 2026                    Respectfully submitted,

                                      TODD BLANCHE
                                      Deputy Attorney General

                                      BILAL A. ESSAYLI
                                      First Assistant United States
                                      Attorney

                                      BILAL A. ESSAYLI
                                      First Assistant United States
                                      Attorney

                                      JENNIFER L. WAIER
                                      Chief Assistant United States
                                      Attorney & Chief, Criminal Division

                                      _____/s/_____
                                      THI HOANG HO
                                      KALI M. YALLOURAKIS
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

2

**<u>OBJECTION TO DEFENDANT'S UNDER-SEAL WITNESS LIST</u>**

On May 8, 2026, defendant Arthit Tanjapatkul ("defendant") filed his witness list under seal (Dkt. 120), without notifying the government or seeking leave to file under seal with the Court.  <u>See</u> L.R. 79-1 ("Unless otherwise indicated in this L.R. 79-5.2, no case or document may be filed under seal without first obtaining approval by the Court.").  The government has a right to know the contents of defendant's filing.  <u>See</u> L.R. 79-5.3.  With trial less than a month away, the government and, in fact, each party, is entitled to know the witnesses the other party intends to call at trial in order to prepare for trial.  Indeed, this Court's procedures specifically provide that "[e]ach party shall <u>serve</u> and file a witness list."

The government was not served defendant's witness list.  Nor did defendant comply with the Court's Procedure for Filing Documents Under Seal in Criminal Cases (citing L.R. 79-5.1) and L.R. 79-5.3, which provides:

> Service of Documents Filed Under Seal. Filing a document under seal does not exempt the filer from the service requirements imposed by federal statutes, rules, or regulations, or by the Local Rules of this Court. Because documents filed under seal (even those filed electronically) are visible on CM/ECF or PACER only to Court personnel and the person who filed the document, a person electronically filing a document under seal may not rely on the Court's CM/ECF System to effect service as provided in L.R. 5-3.2.1. Service of such documents must be made in accordance with F.R.Civ.P. 5. At the time of filing, the documents must be accompanied either by a Proof of Service in the form required by L.R. 5-3.1.2 or by a declaration explaining why service is not required.

L.R. 79-5.3 ("Parties should be familiar with the difference between in camera review . . . and under seal filings.").  To the extent there is any basis to file a witness list under seal, the government

should have been served with the application for leave to file the witness list under seal so that the government can respond.

Defendant is well aware – or should be - of the requirements for under-seal filings.  See, e.g., Dkt. 83 and 102; see also Dkt. 62. Defendant is once again attempting to use the procedures for under-seal filings to justify shielding its filing from the government, in contravention of this Court's procedures and the local rules.  As such, the Court should reject the filing in its entirety and strike the filing from the docket.